IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-369

Filed: 7 January 2020

Macon County, No. 15 CRS 416

STATE OF NORTH CAROLINA,

v.

THOMAS EUGENE CRANE, Defendant.

Appeal by Defendant from judgment entered 23 October 2018 by Judge William H. Coward in Macon County Superior Court. Heard in the Court of Appeals 17 October 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Jonathan J. Evans, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi Reiner, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Thomas Eugene Crane raises one evidentiary issue on appeal from judgment entered upon a jury verdict of guilty of driving while impaired. Because Defendant has waived appellate review of this issue due to invited error, we dismiss the appeal.

## I. Procedural History

Defendant was issued a citation for driving while impaired on 28 November 2015. He pled no contest to the offense in Macon County District Court on 17 January

2017 and was sentenced to 12 months' imprisonment, suspended for 36 months' probation. Defendant appealed to Macon County Superior Court. After a jury trial, the jury found Defendant guilty of driving while impaired. The trial court sentenced Defendant to 10 months' imprisonment. Defendant gave notice of appeal in open court.

## II. Factual Background

The State's evidence tended to show that Defendant was driving a moped on U.S. Highway 23 on 28 November 2015 at around 8:30 p.m., when he was struck by a car. When North Carolina State Highway Patrol Trooper Jonathan Gibbs arrived at the scene of the accident, emergency personnel were talking with Defendant and preparing to place him in an ambulance. The moped was in the grass to the right side of the road and was inoperable. Gibbs spoke with Defendant after he had been placed in the ambulance and noted that Defendant's eyes were red and glassy and that he had a strong odor of alcohol on his breath. When Gibbs asked Defendant if he had been drinking, Gibbs admitted to having "some drinks throughout the day." Defendant refused to take a portable breath test.

Gibbs also interviewed the driver of the car, who explained that he was driving about 40 miles per hour in the right lane of the highway when he came upon "a dim red light" that he believed was a tail light "all of the sudden in the right-hand lane."

Although the driver of the car braked and swerved to the left, his car struck the moped.

Gibbs investigated the crash, making observations of the road and the vehicles and taking measurements that he later used to create a diagram and a crash report. Gibbs visited Defendant at the hospital, again detecting an odor of alcohol on his breath. When Gibbs asked Defendant for the second time if he had been drinking, Defendant admitted to having "some mixed drinks" and that he "did not stop drinking until after dark that night." Gibbs issued Defendant a citation for driving while impaired. Based upon results of a blood test performed at the hospital, it was later determined that Defendant's blood alcohol concentration was 0.16 grams of alcohol per 100 milliliters of whole blood.

### III. Discussion

Defendant argues that the trial court plainly erred by admitting into evidence Gibbs' testimony about how and where the accident occurred. Defendant contends that this was improper lay opinion testimony because Gibbs did not witness the accident, and it was not admissible as expert testimony because Gibbs was not qualified as an expert in accident reconstruction.

The State argues that Defendant has waived his right to appellate review of this issue due to invited error. We agree.

"A defendant is not prejudiced by . . . error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443 (2018). "Thus, a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review." *State v. Barber*, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001). "Statements elicited by a defendant on cross-examination are, even if error, invited error, by which a defendant cannot be prejudiced as a matter of law." *State v. Gobal*, 186 N.C. App. 308, 319, 651 S.E.2d 279, 287 (2007) (citation omitted). Moreover, where a defendant himself offered testimony that is similar to the testimony from the witness that defendant challenges on appeal, the defendant has waived his right to appellate review of any error that may have resulted from the admission of the challenged testimony. *State v. Steen*, 226 N.C. App. 568, 576, 739 S.E.2d 869, 876 (2013).

In this case, Defendant challenges the following testimony by Gibbs: (1) the moped was being driven in the right-hand lane at the time of the collision, and (2) the tire marks Gibbs observed indicated the point of impact. However, Gibbs did not give this challenged testimony on direct examination. Gibbs' testimony on direct examination about the observations and measurements he made at the scene of the accident included the following:

> [State]: And what happened when you got that call?
>
> [Gibbs]: I received a call from our communications center about a motor vehicle accident involving a moped and a car. When I arrived there was first responders, EMS, was

already on the scene. Whenever I got out I noticed the moped was off to the right of the road, over in the grass. And a car was on up the road past that with its flashers on. When I exited the vehicle, my vehicle, I went up and was talking to EMS. At that time they was working with [Defendant] trying to get him into the ambulance.

. . . .

[State]: And after you spoke with the other driver, what happened?

[Gibbs]: After that I got the measurements and everything I needed for that wreck. I got the wrecker to come for the moped. The driver of the vehicle 1, Mr. Warner, his vehicle was still -- he was going to have the other, the tow company, Ridgecrest Towing, it was still drivable. He was going to be able to get it to where he could still drive home and not need a wrecker. Once that took place, I left there and went to the hospital to see [Defendant].

. . .

[State]: And the vehicle, this moped, could you kind of describe it for the jury?

[Gibbs]: At the time it was laying, the moped, was laying on its side over in the grass. It was a small, small moped. I think it was a TaoTao 2012 moped. Yes, 2012. And the moped itself would not be drivable in the condition that it was in from the wreck.

During cross-examination, defense counsel questioned Gibbs more about his observations and measurements at the scene of the accident:

[Defense Counsel]: Okay. And did you at some point then create some sort of diagrams that describe in effect the collision?

[Gibbs]: A diagram, yes, we -- yes.

[Defense Counsel]: And you do one just by hand basically?

[Gibbs]: We got one that we do which is – what that's for

is it's at scene measurements diagram, yes.

[Defense Counsel]: And do you take the same information to create something on some sort of true graphic using some sort of software or something?

[Gibbs]: Yes.

[Defense Counsel]: And that's the same data that goes into both graphic depictions of the collision?

[Gibbs]: That would be correct. We would use the measurement sheet that we do on the side of the road, it's just a sketch to, you know, have all the like road width measurements and that stuff to later be entered into the what's called eCrash. It's a crash site that we use.

[Defense Counsel]: Okay. *And was it your conclusion that at the time of the collision the moped was in the middle of the right-hand lane traveling north?*

[Gibbs]: It was in the right-hand lane, yes, traveling north.

It is apparent from the transcript that the first challenged item of Gibbs' testimony—that the moped was being driven in the right-hand land at the time of the collision—was elicited by defense counsel during cross-examination. As a result, even if it would otherwise have been error to allow Gibbs to testify to the location of the vehicles in an accident without being tendered as an expert, the error was invited by Defendant, and thus Defendant cannot be prejudiced as a matter of law. *See Gobal*, 186 N.C. App. at 319, 651 S.E.2d at 287. *See State v. Rivers*, 324 N.C. 573, 575-76, 380 S.E.2d 359, 360 (1989) (citation omitted) (holding that defendant waived appellate review of a challenge to the admissibility of testimony because defense counsel elicited the testimony during cross-examination of the witness and failed to object to the testimony at trial). As a result of Defendant's invited error, he has

waived appellate review of this testimony, including plain error review. *See Barber*,

147 N.C. App. at 74, 554 S.E.2d at 416.

The State then asked Defendant on cross-examination about the testimony

that Gibbs had already provided, as elicited by defense counsel:

> [State]: And you heard Trooper Gibbs testify that based on his investigation he believed your moped to be in the middle of the lane at the time of the impact, correct, you heard him say that?
>
> [Defendant]: That what he said on the stand but that's not . . . what he told my daughter and I. . . .
>
> . . . .
>
> The only conclusion I can draw from why he hit me is that he said he jerked it when he seen me. He had to be over on the shoulder when he first seen me. Because when he jerked it back, that's when he just barely missed me walking and hit the scooter.
>
> [State]: So to be clear, you're saying that he had to have been off over the white line in order to hit you?
>
> [Defendant]: Yes.
>
> [State]: Okay.
>
> [Defendant]: I'm not saying he had to be but that's the most logical conclusion that – because I know where I was at. Mr. Gibbs met my daughter and I out at the accident scene after I was released from the hospital. He helped us look for my keys that had flown out of the scooter for an hour, for about a good hour. At that point in time he showed me exactly *where the impact had taken place* because there was *two big black marks* right out to the side like that. And I couldn't understand why they were out to the side. *And he said that was where the tire exploded when the impact was made.* And it was that far from the white line, not nowhere near the middle of the road.

Thus, it is also apparent from the transcript that Defendant offered testimony about Gibbs' identification of the point of impact based on the tire marks. On rebuttal, the State echoed Defendant's testimony when asking Gibbs about his observation of tire marks:

> [State]: Trooper, when you conducted your wreck investigation did you see any tire marks in the roadway at the point of impact?
>
> [Gibbs]: Yes, sir.
>
> [State]: Where were those tire marks?
>
> [Gibbs]: In the center lane, as I diagram[m]ed on a HP-49A that is done at the scene of the investigation.

Defendant cannot now challenge Gibbs' rebuttal testimony regarding the point of impact based on the tire marks because Defendant himself had already offered testimony of similar character. *See Steen*, 226 N.C. App. at 576, 739 S.E.2d at 876. Defendant has thus waived appellate review of any error that may have resulted from the admission of this challenged testimony. *See id.*

## IV. Conclusion

Because any error in admitting the officer's testimony was invited error, Defendant waived all review, including plain error review. Accordingly, Defendant's appeal is dismissed.

DISMISSED.

Judges ARROWOOD and HAMPSON concur.